## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

```
ꢀꢀꢀꢀꢀ 29   PM 2: 50
```

LAKE LITE INC.                          :
2301 Fairfield Ave., Suite 107          :    CASE NO. _____
Fort Wayne, IN 46807                    :    **1:11CV147**
                                        :    JUDGE _____
        Plaintiff,                      :
                                        :
    vs.                                 :
                                        :    **COMPLAINT AND DEMAND FOR**
TOMMY DOCK PRODUCTS, LLC                :    **JURY TRIAL**
333 Plumer St.                          :
P.O. Box 1449                           :
Wausau, WI 54402                        :
                                        :
        Defendant.                      :

Plaintiff, Lake Lite, Inc. ("Lake Lite"), for its complaint and demand for jury trial

against Defendant, Tommy Dock Products, LLC ("Tommy Docks"), alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff's Complaint arises from Tommy Docks' unauthorized use of Lake

Lite's copyright, trademark, and trade dress rights in connection with the sale of

unauthorized and infringing solar dock post lights.

2.      This is an action against Tommy Docks for copyright infringement pursuant

to the statutory laws of the United States (Copyright Act, 17 U.S.C. § 101, *et seq*);

trademark infringement, unfair competition, and trade dress infringement pursuant to the

statutory laws of the United States (Trademark Act, 15 U.S.C. § 1125(a)) and common law

of Indiana; and for counterfeiting (Ind. Code § 35-43-5-2) in violation of the statutory law of

the State of Indiana.

### PARTIES

3.      Lake Lite is a corporation organized and existing under the laws of the State

of Indiana with its principal place of business in Fort Wayne, Indiana.

    4.      Upon information and belief, Tommy Docks is a limited liability company organized and existing under the laws of Wisconsin with its principal place of business in Wausau, Wisconsin.

<b>JURISDICTION AND VENUE</b>

    5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (actions arising under the laws of the United States); and 28 U.S.C. § 1338 (actions arising under an Act of Congress relating to copyrights and trademarks). This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367(a).

    6.      Upon information and belief, this Court has personal jurisdiction over Tommy Docks resulting from Tommy Docks' sales throughout the United States including in this judicial district as well as the infringing use of Lake Lite's copyrights, trademarks and trade dress in this judicial district.

    7.      Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

<b>BACKGROUND</b>

    8.      Lake Lite is in the business of designing and selling solar dock post lights and numerous other solar-related deck and boating-related products.

    9.      Lake Lite adopted the LAKE LITE and LAKE LITE INC. trademarks (hereinafter, "Lake Lite Trademarks") in 2003 and has sold products, including solar dock post lights, using these trademarks exclusively and continuously throughout the United States (including in this district) since the adoption thereof.

    10.      In 2007, Lake Lite developed a unique and new solar dock post light design (hereinafter, "Lake Lite Design"). During the creation of the Lake Lite Design, Lake Lite created technical drawings embodying that design. Lake Lite applied for registration of the

2

copyright in these technical drawings on April 19, 2011, by submitting the completed copyright application, required deposit materials, and fee with the United States Copyright Office (hereinafter, "Lake Lite Copyright"). A copy of the application for the Lake Lite Copyright, including a copy of the deposit materials submitted therewith (Case No. 1-598290211), is attached as Exhibit A hereto.

11.    Lake Lite contracted with a foreign manufacture to produce the Lake Lite Design solely and exclusively for Lake Lite. In connection therewith, Lake Lite forwarded technical drawings, including the technical drawings covered by the Lake Lite Copyright, to the foreign manufacturer who began manufacturing and shipping the Lake Lite Design, including the LAKE LITE INC. trademark permanently embossed thereon, in early 2008. Since that time, Lake Lite has sold tens of thousands of units of the Lake Lite Design throughout the United States, as well as in Canada and abroad.

12.    Through the exclusive and continuous sale of the Lake Lite Design by Lake Lite since 2008, consumers have come to associate the distinctive look thereof as indicative of solar dock post lights emanating exclusively from Lake Lite (hereinafter, "Lake Lite Trade Dress").

13.    Tommy Docks is a former customer of Lake Lite and has previously purchased the Lake Lite Design from Lake Lite for resale.

14.    Recently, Lake Lite became aware that Tommy Docks is offering for sale and selling the Lake Lite Design under the term "Better by Design." An advertisement for the "Better by Design" solar dock post light is attached hereto as Exhibit B.

15.    The unauthorized sale of the "Better by Design" solar dock post lights by Tommy Docks infringes the Lake Lite Trademarks, the Lake Lite Trade Dress, and the Lake

3

Lite Copyright and Lake Lite is being damaged thereby.

### COUNT I - COPYRIGHT INFRINGEMENT

16.     As a cause of action and ground for relief, Lake Lite alleges that Tommy Docks is engaged in acts of copyright infringement under 17 U.S.C. § 101, *et seq*, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

17.     Tommy Docks has had access to the Lake Lite Design at least as early as 2008.

18.     Lake Lite has never authorized Tommy Docks to make, use, copy, or prepare derivative works based on the Lake Lite Copyright.

19.     A comparison of the Lake Lite Copyright and the "Better by Design" solar dock post light sold by Tommy Docks reveals that the designs are substantially similar, if not identical.

20.     The unauthorized sale of the "Better by Design" solar dock post light by Tommy Docks infringes the Lake Lite Copyright under the copyright laws of the United States in violation of 17 U.S.C. § 101, *et seq*.

21.     Upon information and belief, Tommy Docks continues to infringe the Lake Lite Copyright despite being notified of its infringing actions.

22.     Lake Lite has been and continues to be irreparably harmed by Tommy Docks' infringing acts and there is no adequate remedy at law for such harm. Lake Lite has suffered and will continue to suffer damages as a result of Tommy Docks' infringement in an amount to be determined at trial.

### COUNT II - TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER FEDERAL STATUTORY LAW

23.     As a cause of action and ground for relief, Lake Lite alleges that Tommy

Docks is engaged in acts of trademark infringement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and incorporates by reference the foregoing paragraphs as if fully set forth herein.

24.     Tommy Docks' use of the Lake Lite Trademarks is without the permission, consent, or authorization of Lake Lite.

25.     Tommy Docks' unauthorized use of the Lake Lite Trademarks gives rise to a likelihood of confusion, deception and mistake among the consuming public and trade as to the source, origin, sponsorship, or affiliation of Tommy Docks' goods and/or services. As such, Tommy Docks' use of said trademarks infringes Lake Lite's rights in the Lake Lite Trademarks under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

26.     Tommy Docks' use of the Lake Lite Trademarks was with knowledge of the pre-existing rights of Lake Lite. As such, Tommy Docks' use thereof constitutes willful infringement.

27.     If Tommy Docks is allowed to continue such conduct, Lake Lite's rights in the Lake Lite Trademarks will be diminished and the goodwill and the good reputation associated with those marks will continue to suffer immediate, substantial, and irreparable injury that cannot be adequately calculated and compensated solely by monetary damages.

28.     By reason of the foregoing, Lake Lite is entitled to injunctive relief against Tommy Docks, restraining further acts of trademark infringement and to recover damages resulting from the aforesaid acts of trademark infringement, together with Tommy Docks' profits related thereto.

## COUNT III – TRADE DRESS INFRINGEMENT
## UNDER FEDERAL STATUTORY LAW

29.     As a cause of action and ground for relief, Lake Lite alleges that Tommy

Docks is engaged in acts of trade dress infringement under Section 43(a) of the Lanham Act,

15 U.S.C. § 1125(a), and incorporates by reference the foregoing paragraphs as if fully set

forth herein.

30.     The Lake Lite Trade Dress is distinctive in design and/or has acquired

distinctiveness based upon the substantially exclusive and continuous use thereof by Lake

Lite since 2008 providing a strong association in the relevant consuming public between the

Lake Lite Trade Dress and Lake Lite.

31.     Tommy Docks' use of the Lake Lite Trade Dress is without the permission,

consent, or authorization of Lake Lite.

32.     Tommy Docks' unauthorized use of the Lake Lite Trade Dress gives rise to a

likelihood of confusion, deception and mistake among the consuming public and trade as to

the source, origin, sponsorship, or affiliation of Tommy Docks' goods and/or services. As

such, Tommy Docks' use of said trade dress infringes Lake Lite's rights in the Lake Lite

Trade Dress under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33.     Tommy Docks' use of the Lake Lite Trade Dress was with knowledge of the

pre-existing rights of Lake Lite. As such, Tommy Docks' use thereof constitutes willful

infringement.

34.     If Tommy Docks is allowed to continue such conduct, Lake Lite's rights in

its trade dress will be diminished and the goodwill and reputation associated with those

marks will continue to suffer immediate, substantial, and irreparable injury that cannot be

adequately calculated and compensated solely by monetary damages.

6

35.     By reason of the foregoing, Lake Lite is entitled to injunctive relief against Tommy Docks, restraining further acts of trade dress infringement and to recover damages resulting from the aforesaid acts of trade dress infringement, together with Tommy Docks' profits related thereto.

## COUNT IV - TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER INDIANA COMMON LAW

36.     Lake Lite hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

37.     Tommy Docks, with knowledge of and intentional disregard for the rights of Lake Lite, sold items using the Lake Lite Trademarks or confusingly similar imitations thereof.

38.     Tommy Docks' use of the Lake Lite Trademarks has created a likelihood of confusion among consumers.

39.     Tommy Docks' acts, as described above, constitute trademark infringement and unfair competition in violation of Indiana common law.

40.     Tommy Docks' acts, as described above, have caused and are causing great and irreparable harm and damage to Lake Lite, and unless preliminarily and permanently restrained by this Court, said irreparable injury will continue.

## COUNT V – COUNTERFEITING UNDER INDIANA STATUTORY LAW

41.     Lake Lite hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

42.     Tommy Docks knowingly or intentionally made and/or uttered a written instrument in such a manner that it purports to have been made by Lake Lite.

7

43.     Tommy Docks was not given the authority to make or utter the infringing items by Lake Lite or anyone acting on behalf of Lake Lite.

44.     As a result of Tommy Docks' counterfeiting, Lake Lite was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1

## DEMAND FOR JUDGMENT

WHEREFORE, Lake Lite prays for judgment in its favor and against Tommy Docks as follows:

A.     That Defendant, and each of its officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained from:

(1)     Using on or in connection with the production, manufacture, advertisement, promotion, displaying for sale, offering for sale, sale, or distribution of any goods or services, or for any purposes whatsoever, the Lake Lite Trademarks or the Lake Lite Trade Dress, or any colorable imitation thereof or anything confusingly similar thereto;

(2)     Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive consumers into believing that Defendant's goods and/or services are sponsored, approved or otherwise affiliated with Lake Lite;

(3)     Making, using, or selling the Lake Lite Copyright or any derivatives of the Lake Lite Copyright, or any product substantially similar in design thereto;

8

B.    That Defendant and those controlled by Defendant be required to take affirmative steps to dispel any false suggestion of a connection to Lake Lite by virtue of its infringing activities, including without limitation, all necessary and appropriate corrective advertising measures;

C.    That the Court award Lake Lite its damages on its copyright infringement claim in an amount to be shown at trial, but in no event less than actual lost profits and/or Defendant's gains, profits and advantages derived by its acts of infringement;

D.    That Lake Lite recover its damages sustained as a result of Defendant's trademark infringement, unfair competition, and unfair business practices, together with an accounting of Defendant's profits arising from such activities;

E.    That Lake Lite have and recover actual damages, treble damages, costs and attorneys' fees pursuant to Indiana Crime Victim's Act, Ind. Code § 34-24-3-1;

F.    That Lake Lite have and recover its taxable costs, filing fees, disbursements, and attorneys' fees to the extent allowed by law;

G.    That Lake Lite have and recover prejudgment interest on the monetary recovery awarded;

H.    That Lake Lite have such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a jury trial on all issues triable by

jury.

Respectfully submitted,

Brian M. Simpson
SHAMBAUGH, KAST, BECK &
WILLIAMS, LLP
229 West Berry Street, Suite 400
Fort Wayne, IN 46802
Phone: (260) 440-3530
Fax: (260) 422-9038

*Counsel for Plaintiff,*
*Lake Lite., Inc.*

# EXHIBIT A

# *-APPLICATION-*

## Title
**Title of Work:** Solar Dock Light

## Completion/Publication
**Year of Completion:** 2007

## Author
**Author:** Lake Lite, Inc.

**Author Created:** map and/or technical drawing

**Work made for hire:** Yes

**Citizen of:** United States          **Domiciled in:** United States

## Copyright claimant
**Copyright Claimant:** Lake Lite, Inc.

2301 Fairfield Ave, Suite 107, Fort Wayner, IN, 46807, United States

## Certification
**Name:** John M. Mueller

**Date:** April 19, 2011

**Applicant's Tracking Number:** Lake Lite, Inc.

**Registration #:**

**Service Request #:** 1-598290211

**Priority:** Routine                    **Application Date:** April 19, 2011 04:22:16 PM

## Correspondent

**Organization Name:** Taft Stettinius & Hollister, LLP

**Name:** John Michael Mueller

**Email:** mueller@taftlaw.com                    **Telephone:** 513-357-9610

**Address:** 425 Walnut Street
Suite 1800
Cincinnati, OH 45202-3957 United States

## Mail Certificate

Lake Lite, Inc.
Jeff Martzall
2301 Fairfield Ave
Suite 107
Fort Wayne, IN 46807 United States



Reducer Dimensions

See Figure 2

Critical Dimensions



Figure 2

















# EXHIBIT B

# BETTER by DESIGN
# Solar Dock Post Lights



### Dealer information header
#### Dealer Information sub-header

Body copy to be placed within this area. Et amet nonsed tem elit nosto ex ea faci eliquam, consecte corperos ad magna commy nonsendionse facipit, sum dolor sumsan heniamet veliquatue modoloreet, suscinibh ex eu feuisi bla con ent ad diam vulla feugiat, quisl ipit nullan ut iure mincillute dolestrud er se feuguercil diat ip esectem venibh eugiat exer ad tat adigna consed ming eu facinit veleniam nit at, verciliquat alit ad magna faci blamet ver ad min etum enibh eummodigna con vel ulluptat, sim dolumsa ndreet utem am, conulluptat lutat.

Benefits include:

- Hi-impact resistant composite plastic with UV stabilizers
- Simple, uncomplicated, trouble free, maintenance free operation
- Automatically turns on at dusk and off at dawn
- Shines up to 2 times brighter all night long without dimming (up to 20 hours on a full charge)
- Kit comes complete with (2) Dock lights, (2) white LEDs and (1) each of blue, green, red, and yellow leds
- Batteries included

**Fits the most common sizes of dock post pipes and any flat surface.**
Fits post sizes:
    1⁵/₈" to 1.660" OD
    1⁷/₈" to 1.90" OD
    2⁵/₁₆" to 2-3/8" OD
**Attaches to any flat surface as well.**

sales@betterbydesigndocklights.com     ©2011 Better by Design  BBD 0148_0211



# BETTER by DESIGN
# Solar Dock Post Lights

# Lake Lite Inc.

**Attaches to any flat surface as well.**

sales@betterbydesigndocklights.com